STATE OF MINNESOTA                 DISTRICT COURT

COUNTY OF HENNEPIN             FOURTH JUDICIAL DISTRICT

Case No.: _____
Judge: _____

Demetris Robinson,    Plaintiff,

**COMPLAINT**

vs.

City of Minneapolis, a Minnesota municipal entity,
        Defendant,

Officer John Paul Chamberlain, in his individual and official capacity,
        Defendant,

Officer David Allan Wilson, in his individual and official capacity,
        Defendant.

Plaintiff, for his claims for relief, states and alleges that:

### Parties and Jurisdiction

1. Defendant City of Minneapolis is a Minnesota municipality. Defendant Officers Chamberlain and Wilson bear Officer Numbers 001075 and 007790 respectively and are Minneapolis Police Officers who at all times acted under color of state of law.

2. Upon information and belief, at the time of the incident referenced in this Complaint, both officers were employed by Defendant City of Minneapolis as a police officer.

### Facts

3. That on or about October 2, 2011, and continuing thereafter, Plaintiff was at Brother's Bar & Grill, 430 1st Ave N # 35, Minneapolis, MN 55401-1738, County of Hennepin, State of Minnesota at approximately 12:30 a.m.

4. That Plaintiff is an African-American male.

5. At the time of the incident, Plaintiff was being placed under arrest for disorderly conduct. Plaintiff was at no time charged with resisting arrest.

6. At no time did Plaintiff resist arrest or fail to cooperate with the arresting officers.

7. While being placed under arrest, the arresting officer, Plaintiff is unsure whether it was Officer Chamberlain or Wilson, placed Plaintiff's right arm behind his back. Then, while keeping Plaintiff's right arm behind his back, the arresting officer proceeded to lift Plaintiff off the ground by Plaintiff's right arm and causing a fracture to Plaintiff's right humerus in the process.

8. The Defendant City of Minneapolis was duly notified of Plaintiff's claim pursuant to Minn. Stat. § 466.05.

## Causes of Action

### I. BATTERY

9. Plaintiff restates and incorporates by reference all the preceding paragraphs of his complaint and states as follows:

10. The actions of Defendants Chamberlain and Wilson, in lifting Plaintiff off the ground by his arm pinned behind his back and thereby breaking the Plaintiff's humerus, constituted an unpermitted and offensive touching or contact with Plaintiff, to Plaintiff's harm and injury.

11. As a direct and proximate result of the action of Defendants, Plaintiff has suffered and will suffer damages in an amount in excess of $50,000.

### II. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12. Plaintiff restates and incorporates by reference all the preceding paragraphs of his complaint and states as follows:

13. The actions of Defendants Chamberlain and Wilson, in lifting Plaintiff off the ground by his arm pinned behind his back and thereby breaking the Plaintiff's humerus, constituted such outrageous, intentional and/or reckless conduct so as to pass the boundaries of decency and were intolerable amount to conduct which is shocking to the conscious of civilized society.

13. As a direct result of the outrageous conduct of Defendants, Plaintiff has suffered both extreme and severe physical and emotional distress, as well as a direct violation and invasion of his personal security and civil rights.

14. As a direct and proximate result of the action of Defendant's, Plaintiff has suffered and will suffer damages in an amount in excess of $50,000.

### III. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

15. Plaintiff restates and incorporates by reference all the preceding paragraphs of his complaint and states as follows:

16. Plaintiff states that the negligent, reckless, and heedless actions of Defendants placed Plaintiff in a zone of danger causing him to be subjected to great and actual risk of physical impact and emotional harm, including fear of his own safety.

17. As a direct and proximate result of the action of Defendant's, Plaintiff has suffered and will suffer damages in an amount in excess of $50,000.

### IV. CIVIL DAMAGES CLAIM UNER MINNESOTA STATUTES SECTION 611A.79

18. Plaintiff restates and incorporates by reference all the preceding paragraphs of his complaint and states as follows:

19. The actions of Defendants Chamberlain and Wilson, in lifting Plaintiff off the ground by his arm pinned behind his back and thereby breaking the Plaintiff's humerus, constituted a violation of Minnesota Criminal Code because Plaintiff was personally injured as a direct result of Defendants' use of force. Such an action constituted an offense based on Plaintiff's race, color, or sex.

20. As a direct and proximate result of the action of Defendant's, Plaintiff has suffered and will suffer damages in an amount in excess of $50,000.

### V. 42 U.S.C SECTION 1983

21. Plaintiff restates and incorporates by reference all the preceding paragraphs of his complaint and states as follows:

22. The actions of Defendant Officers were taken under color of law with regard to Plaintiff and constitute state action under "color of law" as defined by the United States Code Section 1983.

23. The actions of Defendants were unreasonable, constituted excessive use of force, and were not the actions of a reasonably well-trained police officer but instead were actions which shock the conscience of a reasonable person. Further, said actions violated the well-established and clearly enunciated constitutional rights of Plaintiff including, but not limited to the right to be free from excessive force, summary punishment, violations of due process, and deprivation of liberty rights and interests.

24. The actions of Defendants were malicious, unreasonable, and so shocking to the conscience as to amount to a summary punishment of Plaintiff and a clear violation of Plaintiff's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and were the actions of a reasonably well-trained police officer.

25. As a direct and proximate result of the action of Defendant's, Plaintiff has suffered and will suffer damages in an amount in excess of $50,000.

## VI. VIOLATIONS OF MINNESOTA HUMAN RIGHTS ACT

26. Plaintiff restates and incorporates by reference all the preceding paragraphs of his complaint and states as follows:

27. Defendants' actions with respect to Plaintiff constituted both hostile and differential discriminatory treatment in the provision or lack of provision of public services to Plaintiff under Minnesota Statutes Chapter 363.

28. Defendant City of Minneapolis acted in a hostile, discriminatory and illegal fashion. The individual Defendants, by their actions, aided and abetted this discriminatory conduct, policy or practice by their actions alleged herein; including by and through the following: by engaging in unlawful behaviors and failing to adequately hire, supervise, investigate, discipline, terminate and train its employees about excessive force, encountering individuals who are African – American, and by failing to take reasonable steps to prevent its employees from engaging in illegal or excessive use of force.

29. As a direct and proximate result of the action of Defendant's, Plaintiff has suffered and will suffer damages in an amount in excess of $50,000.

## Prayer for Relief

Wherefore, Plaintiff demands the following relief from this Court against all Defendants:

1. An order granting Plaintiff judgment and an award of reasonable damages in an amount in excess of $50,000, together with costs, disbursements and prejudgment interest as provided for under Minnesota Law.

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211, subd. 1.

Dated: Sept 26, 2011

Matson Law Firm, LLC

By: _____
Jesse Matson (#0389131)
Attorney for Plaintiff
417 Main Ave, Ste 134
Fargo, ND 58103
Telephone: (701) 388-6461